[File No. 6861.]

GOTTLIEB MOOS, Appellant, v. NORTHWESTERN IMPROVE-
MENT COMPANY, Respondent.

(6 NW(2d) 73.)

Opinion filed October 19, 1942.

*Conmy & Conmy,* for appellant.

*Leo C. Broderick* and *Morrison & Skaug,* for respondent.

BURR, Ch. J.  This is an appeal from an order denying a motion to vacate a judgment entered on default.

In his complaint served July 15, 1941, plaintiff seeks to rescind a contract for the purchase of real property, to recover the sum of $1,100 paid on the purchase price, and to recover the value of the improvements which he claims to have placed on the land. The defendant answered July 30, 1941, setting forth a good defense. Mr. L. C. Broderick, appeared as attorney for the plaintiff and the answer was served on him. With him was associated the firm of Morrison & Skaug, of Mobridge, South Dakota.

Plaintiff noticed the case for trial on May 19, 1942. On May 23, 1942, the clerk notified counsel for defendant that the court would convene on June 9, at the hour of 10:00 A. M., and in the notice stated "at said time the calendar will be called and the judge will then decide whether jury will be called." This notice was received shortly thereafter.

On June 1, Mr. Conmy, counsel for defendant, wrote asking the clerk to advise him, "after the calendar has been called, ether by phone or wire, at our expense, as to when or approximately when the case will be reached, giving us as much advance notice as possible." On the same day he wrote to Mr. Broderick, suggesting "that it might be more convenient for all parties to agree to try this case—at some date to be agreed upon in the near future."

Mr. Broderick made no reply until June 8th, stating he knew nothing about the case, he was busy taking testimony and that Mr. Conmy would have to confer with Messrs. Morrison & Skaug.

Counsel for defendant resided in Fargo. The term of court was being held at Carson. Shortly before noon on June 9 the clerk telephoned Mr. Conmy to appear in court the afternoon of that day, and

was informed "that it was physically impossible to get to Carson from Fargo, North Dakota, a distance of approximately two hundred sixty miles, on such notice," but advised the clerk "that he could be on hand to try the case on the morning of June 10." The clerk stated the court desired to have matters disposed of at once, and Mr. Conmy got into communication with Mr. Skaug, who informed him it was his understanding the court would not wait until the next morning. Thereupon Mr. Conmy placed a telephone call to the presiding judge, after court was opened; but the latter declined to answer until there would be a recess of the court.

The first court case was called and the hearing required about an hour's time. There was a default in the second case and the hearing was completed in fifteen minutes. In the meantime the court had been made conversant with the fact there was a telephone call from someone, but the court had not recessed. The trial court ordered this case called immediately, as he had decided not to call a jury, and testimony was taken. After presentation of the case the court rendered an oral decision for the plaintiff and directed counsel to prepare the order for judgment and the court recessed about 2:00 P. M. Then the court, in answer to the telephone call, advised counsel he had heard the case already, had directed Mr. Skaug to prepare the order for judgment, and, that he would not hear him the next day.

Judgment was entered canceling the contract and awarding to the plaintiff $1,010 damages and costs. There is practical unanimity between counsel on both sides as to the situation which existed.

Mr. Broderick was not present at the trial nor did he take any part therein. Protection of plaintiff's interests was under the care of Mr. Skaug. There is no reflection on the conduct of this lawyer. In the telephone communication with Mr. Conmy talking from Fargo, the latter stated he would get into communication with the presiding judge himself and bring to the attention of the court this request for a short delay. There may be some misunderstanding in regard to the tenor of the short telephone conversation between counsel, but this version appears to be sustained by the affidavits presented on the motion to vacate the judgment.

Though the findings of fact and order for judgment are dated June 9 it is conceded they were not prepared until several days thereafter and the record shows they were filed with the clerk of the court on June 15 and that the judgment is dated and recorded June 20.

On the 18th of June Mr. Conmy moved the court "to vacate the judgment, if such judgment has been entered at time this motion is presented, upon such terms as may be just, or if judgment has not been entered, for an order re-opening the case and permitting defendant to present his defense thereto, and asks that the defendant be permitted to present its case upon a proper trial of this action either to the court and jury or to the court without a jury at any time and place that may be fixed by the court and agreeable to counsel for the plaintiff, asking only that counsel for the defendant be given a reasonable time to reach the place of trial and that the court impose such terms as may be just."

Hearing was had on June 29, and on July 9 the court entered an order denying the motion. Thereupon appeal was taken promptly and appellant urges that "the court erred and abused its discretion in denying the defendant's motion to vacate the default judgment entered herein."

According to statements made on argument the plaintiff had three witnesses present and one counsel. On the motion to vacate the trial court wrote a memorandum opinion giving a short review of the facts as presented upon the trial, then reviewed the statutory provisions with reference to vacation of default judgments and the decisions of this court with reference to the exercise of discretion on the part of the district court, and came to the conclusion the defendant did not present sufficient grounds to justify any claim of mistake, inadvertence or excusable neglect. The court held that the defendant failed to disclose that degree of diligence required to excuse its default, and denied the motion. We have not set forth all the record and no useful purpose will be served in doing so.

The defendant was not entitled to have the judgment vacated upon a mere showing of neglect. It must be excusable neglect. Was the neglect shown such as should have been considered excusable? We find that it was.

The defendant acted through its counsel. Mr. Conmy did not neglect the case. The answer was served well within the time required by statute. Almost immediately after the case was noticed for trial and he learned from the clerk at what time the court would convene, Mr. Conmy consulted with Mr. Broderick as to arrangements for trial. The clerk had informed him that when the court convened the judge would determine whether a jury would be drawn. Clearly Mr. Conmy had a right to consider there were jury cases on the calendar, and there were. Counsel for plaintiff delayed answer until almost the moment the court convened.

When we take into consideration the effect of depression upon terms of court in recent years, the efforts of district judges to save expense of court terms by hearing court cases in chambers, when we consider the distance which counsel had to come, the assiduity with which he attended to his case having it always in mind and making arrangements to be there with his witnesses, the fact that the court convened in the forenoon of the 9th and determined to close the term of court that forenoon, having knowledge of the situation by 2:00 P. M. of that day if not earlier, the fact that a delay of less than a day would have obviated the difficulty, that plaintiff had but three witnesses with his counsel and that no findings or order for judgment had been signed and the record not showing the court had any pressure of business elsewhere, we determine the defendant made a sufficient showing. While counsel for defendant took many things for granted yet he was attending to his case. His actions were excusable, under all the circumstances shown. The defendant moved promptly to have the judgment vacated and the court could have imposed such terms as would have protected the plaintiff. We conclude that under the circumstances the court abused its discretion in refusing to continue the case till the next day upon terms that were reasonable, and in refusing to vacate the judgment.

The defendant asked the trial court to impose such terms as would be just. The counsel resident in the state took no part whatever in the case. So far as the record is shown he did not feel justified in interfering in the case and showed this by notifying Mr. Conmy such communications should be had with Mr. Skaug. We think the sum

of $25 is ample to remunerate plaintiff for the expense of three witnesses, evidently including himself, and for his counsel. The judgment should have been vacated upon the imposition of terms in the sum of $25.

Plaintiff could have consented to a vacation of the judgment. In resisting the motion he compelled the defendant to appeal. The defendant is entitled to costs on appeal and costs are allowed on appeal in the sum of $25 the terms fixed to offset the costs allowed. The order refusing to vacate the judgment is reversed and the action will stand for trial on its merits.

MORRIS, NUESSLE, CHRISTIANSON, and BURKE, JJ., concur.